UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                )
ANTHONY SUMMERS,                )
                                )
       Plaintiff,               )
                                )
       v.                       )    Civil Action No. 98-1837 (RWR)
                                )
U.S. DEPARTMENT OF JUSTICE,     )
                                )
       Defendant.               )
_____)
```

MEMORANDUM ORDER

Plaintiff Anthony Summers moved to recover attorney's fees and costs under the fee-shifting provision of the Freedom of Information Act ("FOIA").  5 U.S.C. § 552(a)(4)(B).  The magistrate judge denied Summers' motion and Summers has now moved for reconsideration.  Because Summers has not shown that he is eligible for an award, or that the magistrate judge erred in her decision, his motion for reconsideration will be denied.

BACKGROUND

Summers, an author working on a biography of Richard Nixon, made a FOIA request to the the Federal Bureau of Investigation ("FBI"), part of the U.S. Department of Justice ("DOJ"), for documents regarding Charles Gregory "Bebe" Rebozo.  Asserting that the FBI failed to produce all responsive documents to his requests, Summers filed suit.  The litigation was stayed for a period to allow the FBI to process the request, during which time three court orders were issued directing the parties to file

-2-

joint status reports.  After producing numerous additional documents, the DOJ moved for summary judgment and Summers filed a cross-motion as to some documents the FBI withheld.  The DOJ was granted summary judgment, and Summers appealed.  The Court of Appeals referred the matter for mediation.  The parties subsequently settled, with Summers agreeing to withdraw his appeal in exchange for the disclosure of one unredacted document. Summers now seeks to recover his attorney's fees and costs.

DISCUSSION

A motion for reconsideration of a magistrate judge's decision is reviewed for clear error.  Local Civil Rule 72.2(c).

To be awarded attorney's fees in a FOIA case, the plaintiff must be both "eligible" for and "entitled" to the fees.  Tax Analysts v. U.S. Dep't Of Justice, 965 F.2d 1092, 1093 (D.C. Cir. 1992).[1]  To be "eligible" for fees, the plaintiff must have "substantially prevailed" in the action.  5 U.S.C. § 552(a)(4)(E).  The term "substantially prevailed" is the "functional equivalent" of the "prevailing party" language found in the fee-shifting provisions of the Fair Housing Amendments Act

---

[1]  For a plaintiff to be "entitled" to an award of fees, the district court balances four factors: "(1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) the reasonableness of the agency's withholding." Tax Analysts, 965 F.2d at 1093.  As is discussed below, Summers is not eligible for an award, hence no "entitlement" is analyzed here.

-3-

of 1988 and the Americans with Disabilities Act of 1990 that the United States Supreme Court addressed in Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Servs., 532 U.S. 598 (2001).  Oil, Chem., and Atomic Workers Int'l Union ("OCAW") v. Dep't of Energy, 288 F.3d 452, 455-56 (D.C. Cir. 2002) (applying the Supreme Court's interpretation of "prevailing party" to FOIA cases).  In order for a plaintiff to have substantially prevailed and to be eligible for attorney fees, he "must have 'been awarded some relief by [a] court,' either in a judgment on the merits or in a court-ordered consent decree." OCAW, 288 F.3d at 456-57 (quoting Buckhannon, 532 U.S. at 603). A judgment on the merits or a consent decree constitutes a "judicially sanctioned change in the legal relationship of the parties," which is required for a plaintiff to have substantially prevailed. Buckhannon, 532 U.S. at 605.  A plaintiff has substantially prevailed: (1) if court orders have changed the legal relationship between the parties, and (2) if the plaintiff has been awarded "some relief on the merits of his claim." Davy v. CIA, 456 F.3d 162, 165 (D.C. Cir. 2006).  A defendant's "voluntary change in conduct, although perhaps accomplishing what the plaintiffs sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change." Buckhannon, 532 U.S. at 605.

-4-

The nature of the order itself is examined to determine whether it changed the legal relationship between the parties or was merely a procedural ruling.  Orders requiring a defendant to turn over documents signal a changed legal relationship between the parties.  See OCAW, 288 F.3d at 458.  An order requiring expedited processing and the production of any non-exempt documents by a certain date amounts to a "'judicially sanctioned change in the legal relationship of the parties.'"  Edmonds v. FBI, 417 F.3d 1319, 1322-23 (D.C. Cir. 2005) (quoting Buckhannon, 532 U.S. at 605.).  Similarly, an order requiring the defendant to produce all "responsive documents" by specified dates constitutes a legal change in the relationship.  Davy, 456 F.3d at 165-66.  In contrast, an order requiring only a status report from the parties is merely procedural.  OCAW, 288 F.3d at 458.

Summers argues that three court orders required the DOJ to produce documents, therefore sufficiently changing the legal relationship between the parties to find that he had "substantially prevailed."  (Pl.'s Mot. for Recons. at 2-3.)  The orders each state only that:

> Upon consideration of the parties' joint status report . . . , it is hereby
> ORDERED that the parties file another joint status report by [a future date] indicating the additional disclosures defendant has made to plaintiff and whether plaintiff intends to compel the release of any withholdings.

Order, July 14, 2000; Order, Aug. 31, 2000; Order, Sept. 18,
2000.  Summers argues that these orders "implicitly directed" the
DOJ to produce non-exempt documents by a specific date and it
would be "linguistically hair-split[ting]" to claim that these
were not orders to produce documents.  (Pl.'s Mot. for Recons.
at 2-3.)

        Summers' argument is unavailing.  The orders did not compel
the defendant to produce any documents or to produce documents by
any date certain, and did not reflect any decision by a court
that any documents that were withheld should be produced.
Rather, the DOJ had agreed to conduct ongoing review and periodic
release of documents.  The court orders merely required the
parties to keep the court informed of defendant's releases and
plaintiff's satisfaction with defendant's decisions.  The three
orders Summers identifies are indistinguishable from the orders
issued in OCAW, which were considered insufficient to find that
the plaintiff had substantially prevailed.   See OCAW, 288 F.3d
at 458 (finding that an order requiring a "status report" did not
alter the legal relationship between the parties).  Unlike the
orders in Davy, 456 F.3d 166, these orders did not require the
defendant to produce any responsive documents by a specific date.
These orders are procedural and do not constitute a court-ordered
material change in the legal relationship of the parties.
Buckhannon, 532 U.S. at 604.

-6-

Summers also argues that the private settlement reached while his appeal was pending "changed the legal relationship of the parties, giving [him] information that had been withheld from him" and "gave him the precise relief he sought."  (Pl.'s Mot. for Recons. at 5.)  This settlement does not make Summers eligible for attorney's fees.  "For plaintiffs in a FOIA action to become eligible for an award of attorney's fees, they must have been awarded some relief by a court[.]"  OCAW, 288 F.3d at 454-57.  Although the production of this document was one of Summers' desired results, it was not ordered by a court. Furthermore, the DOJ voluntarily settled with Summers and a "defendant's voluntary change in conduct . . .  lacks the necessary judicial *imprimatur* on the change" to find that the plaintiff had "substantially prevailed."  Buckhannon, 532 U.S. at 605.  The parties' settlement does not make Summers eligible for an award of attorney's fees.

## CONCLUSION

Neither the voluntary settlement reached by the parties nor the orders requiring a status report establish that Summers substantially prevailed in his FOIA suit against the DOJ. Accordingly, Summers is not eligible for an award of attorney's fees.  Because Summers has not shown that the magistrate judge clearly erred in her well-reasoned and thoroughly explained ruling, his motion for reconsideration will be denied.

-7-

SIGNED this 23rd day of July, 2007.

                              _____/s/_____
                              RICHARD W. ROBERTS
                              United States District Judge